1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

9
10
11
12
13
14

| | |
|---|---|
| CLARISSA ISELA MEZA,<br><br>            Plaintiff(s),<br><br>v.<br><br>G FLORES, *et al*.,<br><br>            Defendant(s). | Case No.: 2:18-cv-1474-GMN-NJK<br><br>**REPORT AND RECOMMENDATION** |

15     Before the Court is an order for Plaintiff to show cause why case-dispositive sanctions

16   should not be imposed against it for failing to comply with the Court's order to obtain counsel.

17   *See* Docket No. 6.  For the reasons stated below, the undersigned **RECOMMENDS** that this case

18   be dismissed without prejudice.

19     The true plaintiff in this case is a corporation, WWM&W, LLC, Ally's Energy Healing &

20   Wellness Center.  Docket No. 1.[1]  Corporations may appear in federal court only through licensed

21   counsel.  *United States v. High Country Broad. Co., Inc.*, 3 F.3d 1244, 1245 (9th Cir. 1993) (per

22   curiam) (affirming as "perfectly appropriate" entry of default judgment against corporate

23   defendant that failed to comply with an order to obtain counsel).

24     On August 10, 2018, the Court ordered that counsel for Plaintiff must file a notice of

25   appearance in accordance with caselaw and the local rules, no later than September 9, 2018.

26   Docket No. 3. Plaintiff failed to comply.  *See* Docket.  On September 18, 2018, the Court ordered

27

28   _____
[1] Clarissa Isela Meza filed the complaint *pro se* on behalf of the corporation.

Plaintiff to show cause, in writing, no later than October 8, 2018, why sanctions up to and including dismissal of the instant case should not be issued for failing to comply with the Court's order. Docket No. 5. Plaintiff again failed to comply. *See* Docket. Therefore, on October 15, 2018, the Court ordered Plaintiff again to show cause, in writing, no later than November 1, 2018, why the instant case should not be dismissed for failing to comply with the Court's orders and/or for failing to retain counsel. Docket No. 6. Despite that warning, Plaintiff failed to comply, or to seek an extension of the deadline. *See* Docket. Instead, on November 5, 2018, Plaintiff filed an application to proceed *in forma pauperis*. Docket No. 7.

Plaintiff's willful failure to comply with the Court's Orders and to retain counsel is an abusive litigation practice that has interfered with the Court's ability to hear this case, delayed litigation, disrupted the Court's timely management of its docket, wasted judicial resources, and threatened the integrity of the Court's Orders and the orderly administration of justice. Sanctions less drastic than dismissal are unavailable because Plaintiff has willfully refused to comply with Court orders and to obtain counsel so that it may continue to participate in this case. Indeed, the Ninth Circuit has held that case-dispositive sanctions are appropriate for a corporation's failure to retain counsel for the duration of the litigation. *See, e.g., High Country Broadcasting*, 3 F.3d at 1245. Moreover, Plaintiff has willfully refused to comply notwithstanding repeated warnings that non-compliance could result in the imposition of case-dispositive sanctions.

Accordingly, in light of the circumstances outlined above, the undersigned **RECOMMENDS** that Plaintiff's complaint be dismissed without prejudice.

IT IS SO ORDERED.

Dated: November 8, 2018

_____
NANCY J. KOPPE
United States Magistrate Judge

**NOTICE**

Pursuant to Local Rule IB 3-2 **any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within 14 days of service of this document.**

The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).